IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
PINE BLUFF DIVISION

JEIGHMICHAEL SHUNTAE DAVIS                                        PETITIONER

v.                              NO. 5:08CV00151 WRW/HDY

LARRY NORRIS, Director of the                                     RESPONDENT
Arkansas Department of Correction

FINDINGS AND RECOMMENDATION

INSTRUCTIONS

The following findings and recommendation have been sent to United States District Judge William R. Wilson, Jr. Any party may serve and file written objections to these findings and recommendation. Objections should be specific and should include the factual or legal basis for the objection. If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection. An original and one copy of your objections must be received in the Office of the United States District Court Clerk no later than eleven (11) days from the date of the findings and recommendation. The copy will be furnished to the opposing party. Failure to file timely objections may result in a waiver of the right to appeal questions of fact.

If you are objecting to the recommendation and also desire to submit new, different, or additional evidence, and to have a hearing for this purpose before the District Judge, you must, at the same time that you file your written objections, include the following:

1. Why the record made before the Magistrate Judge is inadequate.

2. Why the evidence proffered at the hearing before the District Judge (if such a hearing is granted) was not offered at the hearing before the Magistrate Judge.

3. The details of any testimony desired to be introduced at the hearing before the District Judge in the form of an offer of proof, and a copy, or the original, of any documentary or other non-testimonial evidence desired to be introduced at the hearing before the District Judge.

From this submission, the District Judge will determine the necessity for an additional evidentiary hearing, either before the Magistrate Judge or before the District Judge.

Mail your objections and "Statement of Necessity" to:

Clerk, United States District Court
Eastern District of Arkansas
600 West Capitol Avenue, Suite A149
Little Rock, Arkansas 72201-3325

<u>DISPOSITION</u>

<u>INTRODUCTION</u>.  Petitioner Jeighmichael Shuntae Davis ("Davis") came to be housed in the custody of respondent Larry Norris ("Norris"), the Director of the Arkansas Department of Correction ("ADC"), as a result of several state court judicial proceedings.  The three state court judicial proceedings germane to the proceeding at bar are as follows:

<u>2002-085-1</u>.  In September of 2002, Davis engaged in acts that caused Bradley County, Arkansas, law enforcement officials to charge him in case number 2002-085-1 ("2002-085") with theft by receiving.  <u>See</u> Document 5, Exhibit C.  He eventually pleaded guilty to the offense and was placed on probation for a period of sixty months.  <u>See</u> Document 5, Exhibit F.  One condition of his probation was that he refrain from "committing any felony or misdemeanor criminal offense punishable by confinement in jail or prison."  <u>See</u> <u>Id</u>. at 1.

In March of 2005, Davis engaged in acts that caused Bradley County, Arkansas, law enforcement officials to charge him with aggravated robbery in case number 2005-035-1 ("2005-035").  <u>See</u> Document 5, Exhibit B.  He was eventually convicted of that offense and sentenced to a term of imprisonment in Norris' custody.  <u>See</u> <u>Id</u>.  In light of Davis' conviction and sentence in case number 2005-035, which violated the terms of his probation in case number 2002-085, his probation in case number 2002-085 was revoked in January of 2006.  He was then sentenced in case number 2002-085 to Norris' custody for a period of seventy-two months.  <u>See</u> Document 5, Exhibit C.

Davis appealed the revocation of his probation in case number 2002-085. See Document 5, Exhibit F. On appeal, his attorney filed a no-merit brief pursuant to Anders v. California, 386 U.S. 738 (1967), and the Arkansas rules of appellate procedure. See Id. Davis was invited to file a pro se brief, but he declined that invitation. See Id. The Arkansas Court of Appeals subsequently affirmed the revocation of his probation in case number 2002-085. See Davis v. State, 2007 WL 1831685 (Ark.App. 2007).

2005-035-1. Although mentioned above, it bears repeating that in March of 2005, Davis engaged in acts that caused Bradley County, Arkansas, law enforcement officials to charge him with aggravated robbery in case number 2005-035. See Document 5, Exhibit B.[1] He was tried and convicted of the offense in January of 2006 and sentenced to Norris' custody for a period of 180 months. See Id.

Davis appealed the judgment of conviction in case number 2005-035. See Document 5, Exhibit H. On appeal, his attorney filed a non-merit brief pursuant to Anders v. California and the Arkansas rules of appellate procedure See Id. Davis was invited to file a pro se brief, but he declined that invitation. See Id. The state Court of Appeals subsequently affirmed the judgment of conviction in case number 2005-035. See Davis v. State, 2007 WL 1831773 (Ark.App. 2007).

---

[1] Two points are in order. First, the acts giving rise to the charge in case number 2005-035 involved his robbery of a Pizza Hut in Warren, Arkansas. See Document 5, Exhibit H. Second, during roughly the same period of time, Davis engaged in acts that caused Bradley County, Arkansas, law enforcement officials to charge him with battery in the second degree in case number 2005-036-1. See Document 5, Exhibit A. He was convicted of the offense in case number 2005-036-1, and the judgment of conviction was affirmed on appeal by the state Court of Appeal. See Davis v. State, 97 Ark.App. 6, 242 S.W.3d 630 (2006). Davis is not challenging the judgment of conviction in case number 2005-036-1 in the proceeding at bar, and, for that reason, the undersigned will not address it.

<u>2005-053-1</u>.  In March of 2005, Davis engaged in acts that caused Bradley County, Arkansas, law enforcement officials to charge him in case number 2005-053-1 ("2005-053") with aggravated robbery.  <u>See</u> Document 5, Exhibit D.[2]  He was tried and convicted of the offense in January of 2006 and sentenced to Norris' custody for a period of 480 months.  <u>See</u> <u>Id</u>.

Davis appealed the judgment of conviction in case number 2005-053.  <u>See</u> Document 5, Exhibit J.  His sole claim on appeal was that "the trial court abused its discretion by allowing the State to elicit testimony relevant to another robbery committed at a Warren, Arkansas, Pizza Hut restaurant pursuant to Ark. R. Evid. 404(b)."  <u>See</u> <u>Davis v. State</u>, 2007 WL 1276794 at 1 (Ark.App. 2007).  The state Court of Appeal subsequently affirmed the judgment of conviction in case number 2005-053, finding that any error in admitting evidence of the Pizza Hut robbery was harmless in light of his confession to both robberies.  <u>See</u> <u>Id</u>.

<u>STATE COURT POST-CONVICTION PROCEEDINGS</u>.  Norris represents that "Davis filed no petitions for rehearing or review in any of his cases and pursued no post-conviction petitions in the Bradley County Circuit Court."  <u>See</u> Document 5 at 2.  Davis has not rebutted Norris' representation, and the undersigned knows of no reason to doubt its accuracy.  Thus, the undersigned finds that Davis never pursued any type of post-conviction remedy in any of the aforementioned state court judicial proceedings.

---

[2] The acts giving rise to charge in case number 2005-053 involved Davis' robbery of the "Big Jax" convenience store in Warren, Arkansas.  <u>See</u> Document 5, Exhibit J.

FEDERAL COURT PROCEEDINGS. Davis commenced the proceeding at bar by filing a pro se petition for writ of habeas corpus pursuant to 28 U.S.C. 2254. In the petition, he challenged the judgments of conviction for theft by receiving in case number 2002-085, for aggravated robbery in case number 2005-035, and for aggravated robbery in case number 2005-053. In support of his challenge, he advanced several claims. Sadly, he failed to specify which claims relate to which judgments of conviction. Notwithstanding that failure, he advanced the following claims in the petition:

1. "Ineffective assistance of counsel with direct appeal. The petitioner and his family suffered serious harm when the petitioner was actually robbed of approximately $3,000.00 [by] an attorney, Sara M. Hartness, who received the money to perform the appeal. The only thing, if anything, that Hartness did was come interview petitioner about his convictions, but never, ever, received the legal services of appealing this case. Not even entering [an] appearance."

2. "There was not sufficient evidence supporting petitioner's conviction–counsel did not raise it. Petitioner suffered prejudice and harm when he did not receive proper review surrounding the evidence of this case. Attorney Hartness was supposed to be the advocate to raise evidentiary issues of petitioner's convictions and sentences. Petitioner asserts that he never committed any crime and the "evidence?" that the state used is not sufficient. There's a recanted statement."

      3. "Police used threatening, forced, psychological ploys forcing petitioner into a statement.  The petitioner, upon informing his new counsel about this case, [told counsel] ... about how police, once they had petitioner, ... began to use threats, intimidation, and force within which the petitioner made unintelligent, involuntary and [unknowingly], incriminating statements."

      4. "Denial of due process-actual innocence.  Because of what transpired after being convicted, petitioner sought post-conviction relief and his family hired a lawyer, who did nothing.  However, the appellate court, as the petitioner's case [was] before it, the petitioner being left to fend for himself-wherein which not being able to, the petitioner was unable to receive full due process."

See Document 2 at 5, 6-7, 8, and 11.

Norris responded to Davis' petition by filing the pending motion to dismiss.  See Document 5.  In the motion, Norris maintained that the petition should be dismissed because it contains claims that involve the application of state law and, thus, not cognizable in this type of proceeding or, alternatively, the claims are procedurally barred from federal court review.

The Court reviewed Norris' motion and determined that Davis should be notified of the assertions contained in it.  Davis was so notified and invited to submit a response to the motion.

Davis apparently declined the invitation to submit a response to Norris' motion because Davis submitted nothing and the time for doing so has now passed. In light of that development, the undersigned turns to address Davis' petition and Norris' motion.

PROCEDURAL BAR. In Wainwright v. Sykes, 433 U.S. 72 (1977), the United States Supreme Court determined that a federal court should not consider the merits of a petitioner's habeas corpus claim if he procedurally defaulted in litigating the claim in state court, that is, if he was aware of the claim but failed to present it to the state courts in accordance with the procedural rules established by the state. The foregoing includes the requirement that a petitioner must prosecute an appeal of any adverse ruling to the highest court in the state. See O'Rourke v. Endell, 153 F.3d 560 (8th Cir. 1998); Williamson v. Jones, 936 F.2d 1000 (8th Cir. 1991). The exception to this rule permits the claim to be considered if he can show cause and prejudice.

As the undersigned noted above, Davis failed to specify which claims relate to which judgments of conviction. Although he specifically identifies an attorney and represents that the attorney did nothing, the state court judicial proceeding in which the attorney was retained to represent Davis is not clear. Notwithstanding that uncertainty, this much is clear: Davis only pursued one claim to a final resolution in the state appellate courts, that being, his claim on appeal in case number 2005-053 that the state trial court abused its discretion by allowing the admission of evidence of another robbery. Significantly, that claim is not one of his claims at bar. Instead, he never pursued any of the claims at bar to a final resolution in the state appellate courts.

Given the foregoing, the undersigned finds that Davis procedurally defaulted in litigating the claims at bar. The only question is whether he can show cause and prejudice for his default.[3]

Although Davis never submitted a response to Norris' motion to dismiss, Davis' petition does contain a representation that can be construed as an allegation of cause and a separate representation that can serve as a justification for considering his claims. First, he maintains that he received ineffective assistance of counsel because an attorney was paid to represent him on appeal but the attorney did nothing. Although ineffective assistance of counsel can serve as cause for a procedural default, the claim must first be presented to the state courts as an independent claim. See Leggins v. Lockhart, 822 F.2d 764 (8th Cir. 1987). The record reflects that Davis never presented a claim of ineffective assistance of counsel to the state courts of Arkansas. He represents that he challenged his attorney's misconduct in a claim with the state Committee on Professional Conduct. Pursuing such a remedy, though, is no substitute for presenting a claim to the state courts of Arkansas. Consequently, his assertion of ineffective assistance of counsel cannot serve as cause for his procedural default.

---

[3] With respect to cause, the United States Supreme Court has "declined in the past to essay a comprehensive catalog of the circumstances that [will] justify a finding of cause." See Smith v. Murray, 477 U.S. 527, 533-34 (1986). One can discern from other decisions, though, instances in which cause might be found; those instance include the following: where some objective factor external to the defense impeded counsel's efforts to comply with the state's procedural rules, see Murray v. Carrier, 477 U.S. 478 (1986); where a constitutional claim is so novel that its legal basis is not reasonably available to counsel, see Reed v. Ross, 468 U.S. 1 (1984); or, if effective assistance of counsel was not afforded, see Murray v. Carrier, 477 U.S. at 488. There is also one extraordinary circumstance where a federal court may grant relief without a showing of cause: where a constitutional violation has probably resulted in the conviction of one who is actually innocent. See Id. at 496.

Second, liberally construing Davis' pro se petition, he alleges that he is actually innocent of the offenses. Although not true cause for a procedural default, a showing of actual innocence can serve as a "gateway" through which a petitioner can obtain federal court review of otherwise barred claims. See Schlup v. Delo, 513 U.S. 298 (1995). See also Watts v. Norris, 356 F.3d 937 (8th Cir. 2004).[4] The undersigned is not convinced, however, that Davis has made the showing required by Schlup v. Delo. Specifically, he has not come forward with "new evidence of factual innocence." See Niederstadt v. Nixon, 505 F.3d 832, 840 (8th Cir. 2007) (Colloton, J., concurring). Thus, he cannot use the Schlup v. Delo "gateway" to obtain judicial review of these claims.

In conclusion, Davis procedurally defaulted in litigating the claims at bar because he never pursued them to a final resolution in the state appellate courts. He cannot show cause for his procedural default as his assertion of ineffective assistance of counsel was not presented to the state courts as an independent claim. His assertion of actual innocence must fail because he has not come forward with new evidence of factual innocence. Thus, the claims at bar are procedurally barred from federal court review.

---

[4]

In Watts v. Norris, 356 F.3d at 941, the United States Court of Appeals for the Eighth Circuit provided the following insight into the actual innocence doctrine:

> To be credible, such a claim requires petitioner to support his allegations of constitutional error with new reliable evidence--whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence--that was not presented at trial. Because such evidence is obviously unavailable in the vast majority of cases, claims of actual innocence are rarely successful. Schlup v. Delo, ... In addition, a petitioner "must show that it is more likely than not that no reasonable juror would have found [him] guilty beyond a reasonable doubt." Id. ... This latter showing must take into account not only the allegedly new evidence, but also the evidence that was in fact before the jury.

RECOMMENDATION. On the basis of the foregoing, the undersigned recommends that Norris' motion to dismiss be granted and Davis' petition be dismissed. All requested relief should be denied, and judgment should be entered for Norris.

DATED this ___12___ day of September, 2008.

_____
UNITED STATES MAGISTRATE JUDGE